**DAVIS et al. v. HANSON et al.   (No. 8121.)**

(Court of Civil Appeals of Texas.   Galveston. March 2, 1922.)

**Master and servant ⬅286(2)—Negligence as to boy driving team held for jury.**

Whether an employer of a 15 year old boy was negligent in ordering him to drive a three-mule team on a cotton float and furnishing him with a line too short for him to drive in safety *held* for the jury.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

Action by Ina Davis and another against P. E. Hanson and another. From a judgment for defendants on directed verdict, plaintiffs appeal. Reversed and remanded.

P. A. Drouilhet, of Galveston, for appellants.

GRAVES, J. Ina Davis, Jr., and his mother, Isabella Davis, brought this suit to recover of P. E. and C. H. Hanson damages for personal injuries alleged to have resulted to the boy from the negligence of the Hansons while he, at the age of 15, was driving a cotton float for them in the city of Galveston.

The grounds of negligence charged were: (1) The work assigned the boy, that is, the driving of a float loaded with 15 bales of cotton weighing 5½ or 6 tons and drawn by three mules, was beyond his capacity, and dangerous for one of his age and strength, all of which the Hansons well knew, or in the exercise of proper care should have known; (2) that his employers did not furnish the boy reasonably safe appliances with which to perform the work they had directed him to do, in that the reins or lines provided for that purpose by them were too short for him to safely drive the mules and float with. There were further averments to the effect that the plaintiff's mother both had and was in a position to assert a cause of action for the injuries in her own right, and that the defendants were not protected from the consequences of the negligence alleged by the Workmen's Compensation Law. The defenses pleaded were a demurrer and a denial, each general, and certain special exceptions.

A jury was impaneled, and the evidence for plaintiffs heard, but at its conclusion, on the motion of defendants, the court peremptorily directed a verdict in their favor, and followed the return of it with judgment accordingly.

The plaintiffs appeal, assigning as error the giving of the peremptory instruction against them, and contending that the evidence was of sufficient probative force to take to the jury the issue of whether or not the defendants had been guilty of actionable negligence toward them. This position is well taken.

The uncontroverted testimony of the boy was that he was some months under 15 years of age at the time; that he had been some time in Mr. Hanson's employ, driving a shell wagon with two mules; that when directed to drive the float he protested on the ground that the work was too hard for him, saying that he had once before tried it for half a day, could not do it, and quit; that nevertheless he was next morning put to driving a float drawn by three mules, loaded with 15 bales of cotton, and furnished lines, one of which was shorter than the other and too short for the purpose, which forced him to lean forward in driving; that, after having difficulty in hauling his first load, on the way back for a second one, he found and tied a strap onto the short line; that the mules then started off in a trot and, in pulling back in the effort to check them, as Mr. Hanson had told him not to trot the team, his pieced line broke, and both fell down on the tongue between the mules. He started to get down after them, and when he had gotten as far as what was termed the "gooseneck" of the wagon, while reaching over toward the tongue to get his lines, the team started off again; he became overbalanced, was thrown under the wheels and injured.

Mr. P. E. Hanson, one of the defendants, testified that they were not protected by compensation insurance, and that one of their floats with 15 bales of cotton on it weighed about 5½ to 6 tons.

Isabella Davis testified that she lived apart and was permanently separated from Ina Davis, Sr., that the boy gave all his wages to her, and that she neither knew of the fact nor gave her consent to his being changed from driving a shell wagon to a heavily loaded cotton float, which the men advised her was a more difficult undertaking.

In these circumstances, we think the question whether the employers were guilty of negligence toward him in providing the boy with a line too short for him to safely drive the team with, as well as in directing him to drive the heavily laden three-mule float at all, was clearly one for the jury. Considering his immaturity and lack of experience in the very work they directed him to do, which they were shown to have known, it cannot be said as a matter of law that they might not have reasonably anticipated that some such accident as the one that did might probably happen to him.

Nor, further, we think, can it be concluded that the defective line did not constitute the proximate cause of the injury.

The court therefore erred in taking the

matter away from the jury. The judgment is reversed, and the cause remanded.

Reversed and remanded.